UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTIAN MONTANEZ,

Plaintiff,

v.

Case No. 3:25-cv-939-MMH-LLL

FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

---

# ORDER

## I. Status

Plaintiff Christian Montanez, an inmate of the Florida penal system, initiated this action through counsel by filing a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint; Doc. 1) on August 19, 2025. He is proceeding on an amended complaint (Amended Complaint; Doc. 34). Montanez names five Defendants in the Amended Complaint: (1) the Florida Department of Corrections (FDOC); (2) Centurion of Florida, LLC (Centurion); (3) Marie-Michelle Amede; (4) Warden Travis Lamb; and (5) Maricelis Irizarry-Ortiz. Amended Complaint at 1–3. He asserts Defendants violated his rights under the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and the Eighth Amendment to the United States Constitution. See generally id.

All Defendants moved to dismiss on many bases. Docs. 39; 41; 74 (collectively Defendants' Motions). After briefing closed on all motions, the Court entered its Order. See Order; Doc. 97. In the Order, the Court dismissed Counts I and II of the Amended Complaint (ADA and RA claims against the FDOC) and all claims against Defendant Amede based on Montanez's failure to exhaust his administrative remedies as to those claims. Id. at 35–36.

Before the Court now is Plaintiff's Motion for Reconsideration (Motion for Reconsideration; Doc. 100). Defendant Lamb filed a response (Response; Doc. 107). With leave of court, Montanez filed a reply (Reply; Doc. 110). Accordingly, the Motion for Reconsideration is ripe for review.

## II. Standard

Montanez initially sought relief pursuant to Rule 59(e), Federal Rules of Civil Procedure (Rule(s)). Motion for Reconsideration at 2. Defendant Lamb argued that the Motion for Reconsideration was improper under Rule 59 and would be "better understood as a Motion for Relief from a Judgment or Order under [Rule] 60(b)." Response at 6–7. In his Reply, Montanez concedes that Rule 59(e) is not the appropriate standard but disagrees with Defendant's suggestion that Rule 60(b) governs the motion. Reply at 1. Rather, Montanez requests that his Motion for Reconsideration be considered under Rule 54(b), arguing that it provides the appropriate standard for reconsideration of interlocutory orders. Id. at 2.

Under Rule 54(b), "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." In this way, Rule 54 "recognized" the pre-existing inherent power of a court to reconsider any part of its decision prior to entry of a final judgment. Hornady v. Outokumpu Stainless USA, LLC, 118 F.4th 1367, 1380 (11th Cir. 2024). In Hornady, the Eleventh Circuit Court of Appeals explained that "[i]f a movant is able to meet a significantly higher showing for reconsideration" such as the standards under Rules 59(e) and 60(b), a district court "should not hesitate" to reconsider its decision, but even if the movant does not meet that burden, a district court "may still have room to conclude that reconsideration is appropriate." Id. at 1381. As such, district courts "enjoy plenary power to reconsider non-final rulings" and those decisions are "committed to [the district court's] sound judgment." Id. Nevertheless, "in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." Id. at 1380.

## III. Discussion

In his Motion for Reconsideration, Montanez argues the Court "committed clear legal error in dismissing [his] claims under the [ADA] and [RA]." Motion for Reconsideration at 1. Montanez suggests his Formal

Grievance 2506-209-047 was sufficient to notify the FDOC of his ADA and RA claims. Id. at 1–2. That grievance stated, "Since I have been incarcerated my blood sugars have been out of control. Please give me effective diabetes management." Doc. 74-10 at 2. Specifically, he argues that Montanez's use of the words "effective diabetes management," instead of "effective diabetes medical care" was sufficient to alert the FDOC of their failure to accommodate his disability. Motion for Reconsideration at 3–4. As support, he cites Harvard v. Inch, 411 F. Supp. 3d 1220, 1244 (N.D. Fla. 2019), in which the court stated that, for an ADA claim, "Plaintiffs need to grieve that they had disability-related problems and were discriminated against because of their disabilities." Id. at 3. Montanez further suggests the Court faulted him for not articulating the specific accommodation needed and thus held his grievance to a higher level of specificity than is required to plead such a claim. Id. at 4–5. Lastly, Montanez suggests the Court cannot fault him for failing to address these issues in his response to the FDOC and Lamb's Motion to Dismiss his Amended Complaint (Doc. 74; Motion to Dismiss) because the Defendants "cited no authority for the proposition that the grievance was [] deficient," and, thus, forfeited the argument. Id. at 5.

In the Response, Defendant Lamb argues that Montanez cannot use a motion to reconsider to make arguments "he failed to make in response to Defendant's previous motion to dismiss." Response at 4. And, contrary to

Montanez's argument, Defendant Lamb contends he "squarely argued Plaintiff's grievances did not provide Defendant with appropriate notice," but that Montanez "chose not to address" the argument and instead focused on whether the grievance process was available to him. Id. at 4–5. Defendant Lamb asserts Montanez's arguments also fail on the merits, explaining that the grievance provided no suggestion that Montanez was being denied access to a program or service offered by Defendant or that such denial was based on a discriminatory intent related to disability. Id. at 5–6.

Initially, the Court finds the arguments Montanez presents should have been raised in response to the FDOC and Lamb's Motion to Dismiss, not for the first time in a motion for reconsideration. And, the Court rejects Montanez's suggestion that the Defendants waived their argument regarding lack of notice by their failure to cite authority for the proposition that the grievance was deficient. In their Motion to Dismiss, Defendants did argue that Montanez's grievances failed to provide sufficient notice of any ADA or RA claim. Doc. 74 at 11–12. Indeed, in addition to citing general case law regarding notice requirements for grievances, Defendants also argued and provided case law supporting the contention that the fact that FDOC interpreted the grievance as a complaint regarding medical care supported the conclusion that the grievances were insufficient to provide notice of the other claims. Id. at 12. Montanez, however, did not make the arguments he now raises regarding

sufficiency. Instead, he summarily stated that he provided sufficient notice in Formal Grievance 2506-209-047. Doc. 90 at 17. The arguments Montanez now makes were available to him at the time he filed his opposition to the Motion to Dismiss but he simply failed to raise them. For this reason alone, the Court would likely decline to revisit issues it already decided or consider new arguments never properly raised before the entry of the Order.

Regardless, even upon consideration of the new arguments, the Court finds Montanez would not be entitled to relief. The Court reaffirms its conclusion that Montanez's grievances did not adequately alert the prison to the alleged failure to accommodate his disability. The formal grievance Montanez cites as sufficient to grieve his ADA and RA claim is brief and vague. While Montanez argues that his use of the word "management" rather than "medical care" alerts the prison that his grievance involved more than medical care, this argument, which is one of semantics, is unavailing.

Montanez cites to Harvard for support that his grievance was sufficient to grieve an ADA issue. 411 F. Supp. 3d 1220. However, that case can be easily differentiated. First, the ADA claim there centered around the plaintiff's isolation which the Harvard court noted "necessarily involves the restrictions imposed by isolation." Id. at 1245. Moreover, the grievances submitted by that plaintiff not only contained a reference to a violation of the ADA but also contained substantially more detail than Montanez's grievance. See id. at

1245–46. While Montanez was not required to specifically cite the ADA or include specific accommodations in his grievance, he was required to provide some information that would alert the prison that Montanez was grieving more than his medical care. See id. ("[A]llowing claims to proceed without any level of detail would thwart the purpose of PLRA's exhaustion requirement."). This he did not do. Accordingly, Montanez's Motion for Reconsideration is due to be denied.

In light of the foregoing, it is now

**ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 100) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of July, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

JaxP-12
C: Counsel of Record